AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 03 2022

JAMIE GIANI, Clerk
By _____
Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
LOCATION DATA ASSOCIATED WITH THE T-MOBILE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (469) 996-8595

Case No. 5:22 CM 56

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(A)(1) | Controlled Substance Offenses |
| 18 U.S.C. 1956 | Money Laundering Offenses |

The application is based on these facts:
See Attached Affidavit of FBI SA Chase Camp.

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI SA Chase Camp
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 3, 2022

*Judge's signature*

City and state: Fayetteville, Arkansas

Hon. Christy Comstock, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 469-996-8595, whose wireless service provider is T-MOBILE, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Information about the location of the Target Cell Phone that is within the possession, custody or control of T-MOBILE.

3. Authorization given is intended to apply not only to the target telephone number listed above, but also to any other IMSI, IMEI, or ESN number accessed through the target telephone number referenced above, within the 30 day period.

## ATTACHMENT B

**Particular Things to be Seized**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-MOBILE,** T-MOBILE is required to disclose the Location Information to the government. In addition, T-MOBILE must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the Target Cell Phone on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 469-996-8595 | **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A CELL PHONE TRACKER (PING) WARRANT

1.  I, Chase Camp, Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state that:

### INTRODUCTION

2.  I am a Special Agent with the Department of Justice Federal Bureau of Investigation (FBI) and have held that position for approximately four years. I am presently assigned to the Little Rock FBI Field Office investigating a wide range of criminal investigations. I have undergraduate degree in Criminal Justice from the University of Mississippi and a master's degree in Social Justice and Criminology from Delta State University. I have over twelve years of experience in law enforcement investigations including, but not limited to, bank robbery, felon in possession of a firearm, corporate fraud, wire fraud, and money laundering. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), and I am empowered by law to conduct investigations and to make arrests for federal felony offenses. I have participated in and directed investigations involving various types of federal criminal violations and, as a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing various types of violations of federal law. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents

1

and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 469-996-8595 (hereafter "target cell phone"), **whose service provider is T-Mobile, a wireless telephone service provider. The target cell phone number account has been active since November 21, 2016, with a listed subscriber of Lucero Boyles, 1911 Windsong Trail, Richardson, TX 75081. The target cell phone is used by Stephen Alexander Boyles (hereafter referred to as Boyles.) The target cell phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.**

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 841(a)(1)(possession of a controlled substance with the intent to distribute); Title 21, United States Code, Section 843(b) (use of a telephone to facilitate narcotics transactions); Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute a controlled substance); Title 18, United States Code, Section 1956 (money laundering and conspiracies to do the same); have been committed, are being committed, and will be committed by **Boyles**, the user of the **target cell phone**, and other known and unknown associates. There is also probable cause to believe that the location information

described in Attachment B will constitute or lead to evidence of these criminal violations, will lead to the identification of individuals who are engaged in the commission of these offenses, and will lead to the location of Boyles.

## PROBABLE CAUSE

6.  Prior to and on January 13, 2021, an FBI Confidential Human Source (CHS) negotiated the purchase of ½ kilogram of cocaine from Boyles. On January 13, 2021, the CHS met Boyles in Dallas, Texas. Boyles instructed CHS to follow him to the Brownstone Apartments, 13907 Montfort Drive, Dallas, Texas. CHS and Boyles arrived at the location. Boyles and Pedro Jose Mendez Garza, aka Ricky (hereafter referred to as Ricky) approached the CHS's vehicle. Ricky was carrying a Brita water filter box and handed it to the CHS. Inside the box was approximately ½ kilogram of cocaine. CHS provided Boyles and Ricky $20,000.00 to complete the sale.

7.  Prior to and on February 27, 2021, a CHS negotiated the purchase of a ½ kilogram of cocaine from Boyles. Boyles and CHS agreed to meet in Hot Springs, Arkansas, at the Home 2 Suites, 106 Catalina Circle, Hot Springs, Arkansas. CHS arrived at the hotel and rented a room. Boyles and Ricky arrived at the hotel in Boyles white Jeep Grand Cherokee. Boyles entered the hotel and met up with CHS. Boyles counted the cash the CHS possessed to purchase the cocaine. Boyles left the room to retrieve the cocaine. A short time later Boyles and Ricky returned with the approximate ½ kilogram of cocaine. Ricky handed the CHS the cocaine and CHS provided them with $20,000.00 to complete the sale.

8.  On or about March 15, 2021, investigators conducted a search for wire transfer information for 1911 Windsong Trail, Richardson, Texas. Investigators found on February 1,

2019; May 25, 2019; and November 4, 2019, Stephen Boyles sent wire transfers via Western Union. Boyles listed the **target cell phone** as his contact number.

9. Prior to and on April 10, 2021, a CHS negotiated the purchase of a ¼ kilogram of cocaine from Boyles. Boyles and CHS agreed to meet in Hot Springs, Arkansas, at the Home 2 Suites, 106 Catalina Circle, Hot Springs, Arkansas. CHS, Boyles, and Ricky met in the parking lot of the Home 2 Suites. They all entered the hotel and went to a room. In the room Boyles counted the buy money provided to him by the CHS. Once the money was counted the CHS was handed approximately ¼ kilogram of cocaine. CHS also provided Boyles and Ricky with $30,000.00 in alleged drug proceeds. Boyles and Ricky had previously agreed to launder the $30,000.00.

10. On or about July 12, 2021, a friend of CHS said he/she contacted Boyles using the **target cell phone.**

11. Prior to and on July 20, 2021, the CHS negotiated the purchase of ½ kilogram of cocaine and two firearms from Ricky. On July 20, 2021, between phone contacts with the CHS, Ricky was communicating with the **target cell phone,** which investigator believed Boyles was using. On July 20, 2021, CHS, Ricky, and Boyles met inside Shiraz Mediterranean Grill, 18101 Preston Road, Suite 101, Dallas, Texas. Once everyone was inside, Ricky asked CHS if CHS had the money. CHS advised it was in the CHS's car. Ricky asked CHS for the keys to the CHS's vehicle. The CHS provided Ricky with the keys. Ricky went to the parking lot and motioned to a white Mercedes Benz. The white Mercedes pulled up to the CHS's vehicle and stopped. An unknown black male exited the vehicle and handed Ricky a bag. Ricky placed the bag in CHS's vehicle. The white Mercedes departed the parking lot and Ricky returned to the restaurant. During the transaction CHS provided Ricky with $22,000.00 for the ½ kilogram of cocaine and the two

firearms. When investigators retrieved the bag from the CHS's vehicle, inside it was an assault stile rifle, a tan colored Glock handgun, magazines, ammunition, and approximately ½ kilogram of cocaine. Prior to Ricky departing the restaurant, Ricky told CHS he intended to deliver the remainder of the laundered funds to CHS by sending the CHS checks starting on July 26, 2021.

12. Prior to and on August 26, 2021, the CHS negotiated a small sample of cocaine from Ricky. On August 26, 2021, CHS went to Shiraz Mediterranean Grill, 18101 Preston Road, Suite 101, Dallas, Texas. Boyles arrived and went inside to meet the CHS. Ricky arrived and walked to the CHS's vehicle. Ricky opened a door on the CHS's vehicle and placed an envelope near the center console of the vehicle. Ricky walked inside the restaurant. When all three left the restaurant, the CHS met with investigators. The investigators retrieved the envelop and inside were two small plastic bags containing a small amount of cocaine.

13. In early 2022, CHS shifted from dealing with Boyles and Ricky and began dealing exclusively with Ricky. Ricky advised his source of supply (SOS) wanted to meet with the CHS. Ricky identified the SOS as Juan. Ricky and CHS scheduled a meet for some time in March 2022.

14. Prior to and on June 22, 2022, the CHS negotiated the purchase of cocaine from Ricky. On June 22, 2022, CHS went to Shiraz Mediterranean Grill, 18101 Preston Road, Suite 101, Dallas, Texas and met Ricky inside the restaurant. Ricky provided CHS with an envelope containing approximately 71.8 grams of cocaine. CHS provided Ricky with $4,000.00 for the cocaine.

15. On September 21, 2022, Boyles, Ricky and others were indicted in the Western District of Arkansas on multiple counts to include controlled substance offenses in violation of Title 21, United States Code, Section 841(a)(1) and money laundering offenses in violation of

Title 18, United States Code, Section 1956(a)(3)(B).[1] Investigators are working to arrest Boyles on the aforementioned indictment. To assist with the location and arrest of Boyles, I would request authorization to collect location information for the **target cell phone** for the next 30 days.

16.    As of September 26, 2022, **target cell phone** was subscribed to Lucero Boyles and has been subscribed to and an active account since November 21, 2016.  A review of the call detail records for **target cell phone** showed the phone in continued contact with a phone believed by used by Ricky.  Investigators believe Boyles is still using the **target cell phone.**

17.    In my experience, the general location of the target telephone gathered from cell site/sector location, GPS location, or other means, can yield evidence which is relevant and material to an ongoing criminal investigation of the specified offenses.

18.    Specific to this case, I believe the general location of the target telephone gathered from cell site/sector location, GPS location, or other means, can yield evidence which is relevant and material to an ongoing criminal investigation of the specified offenses.

19.    Given the ongoing nature of this investigation, immediate notification of this warrant will have an adverse result.  Accordingly, delayed notice of 30 days is requested under 18 U.S.C. § 3103a.

20.    Based on the same concerns that knowledge of the investigation would jeopardize its effectiveness, I request that this affidavit, the application, and the order as well as any other related documents be sealed pursuant to the provisions of the United States District Court for the Western District of Arkansas general rule 7.

---

[1] WDAR Case No. 5:22 CR 50085-001-004.

21. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulation on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

22. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the target cell phone, including by initiating a signal to determine the location of the target cell phone on the T-MOBILE network or with such other reference points as may be reasonably available.

23. Based on my training and experience, I know that T-Mobile can collect cell-site data about the target cell phone.

## AUTHORIZATION REQUEST

24. Based on the foregoing, I request that the Court issue the proposed search warrant to track the target cell phone for a period of 30 days, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

25. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target cell phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court direct T-MOBILE to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-MOBILE. I also request that the Court direct T-MOBILE to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the target cell phone on T-MOBILE's network or with such other reference points as may be reasonably

available, and at such intervals and times directed by the government. The government shall reasonably compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

27. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cell phone outside of daytime hours.

28. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed pursuant to the provisions of the United States District Court for the Western District of Arkansas general rule 7. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Chase Camp
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on October **3**, 2022

_____
Hon. Christy Comstock
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF ARKANSAS